# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TERRY WALTER CONANT,

      Plaintiff,

      v.

WELLS FARGO BANK, N.A., *et al.*,

      Defendants.

Civil Action No. 13-572 (CKK)

## MEMORANDUM OPINION
### (February 14, 2014)

Plaintiff Terry Walter Conant ("Conant" or "Plaintiff") brings this action *pro se* challenging the foreclosure of his property. Presently before the Court are motions by several Defendants for dismissal of this lawsuit. Also before the Court are several motions by Plaintiff arguing that certain Defendants are in default, as well as a motion to strike filed by Defendants Wells Fargo Bank, N.A., and Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP. Upon consideration of the pleadings[1], the relevant legal authorities, and the record as a whole, the

---

[1] Petition for Declaratory and Injunctive Relief Pursuant to Title 28, US Code Section 2201, 2201, ECF No. [1] ("Compl."); Defs. Wells Fargo Bank, N.A. & Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP's Mot. to Dismiss Pursuant to Rule 12(b)(2), 12(b)(5) and 12(b)(6) or, in the Alternative, for Summary J. Pursuant to Rule 12(d), ECF No. [6] ("Wells Fargo MTD"); Def. LPS Agency Sales and Posting, Inc.'s Mot. to Dismiss Compl. & Incorporating Mem. of Law, ECF No. [9] ("ASAP MTD"); Pl.'s Mot to Portray & Assert the Certified Securitization Audit, with Mem. Of Law, ECF No. [14] ("Pl.'s Mot. to Portray"); Pl.'s Mot. for Default J., Damages & Enforcement of the Consent Decree Regarding Defs. Wells Fargo Bank, N.A. & Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP, ECF No. [15] ("Pl.'s Mot. for Default J."); Pl.'s Mot. to Quash Def. LPS Agency Sales and Posting, Inc.'s Mot. to Dismiss Compl. & Incorporating Mem. of Law, ECF No. [16] ("Pl.'s Mot. to Quash ASAP MTD"); Pl.'s Mot. to Quash Defs. Wells Fargo Bank, N.A. & Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP Mot. to Dismiss Pursuant to Rule 12(b)(2), 12(b)(5) and 12(b)(6) or, in the Alternative, for Summary J. Pursuant to Rule 12(d), ECF No. [17] ("Pl.'s Mot. to Quash Wells Fargo MTD"); Opp'n of Defs. Wells Fargo Bank, N.A. and Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP to Plaintiff's Motions Dated July 20, 2013, ECF No. [20]

Court issues the following rulings. The Court GRANTS IN PART and HOLDS IN ABEYANCE IN PART Defendants Wells Fargo Bank, N.A.'s and Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP's [6] Motion to Dismiss Pursuant to Rule 12(b)(2), 12(b)(5) and 12(b)(6) or, in the Alternative, for Summary Judgment Pursuant to Rule 12(d). Specifically, Defendant Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP's is DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction and failure to serve. Plaintiff's claims against Defendant Wells Fargo for violation of the Consent Judgment in *United States v. Bank of America Corp., et al.*, No. 12-0361 (D.D.C. Apr. 4, 2012) and for violation of his due process rights are DISMISSED. The Court requests additional briefing from both parties as to Plaintiff's claims that Defendant Wells Fargo lacks standing to foreclose on his mortgage,

---

("Def.'s Opp'n to Pl.'s Mot. to Portray"); Def. LPS Agency Sales and Posting, Inc.'s Opp'n to Pl.'s Three Motions Dated July 20, 2013, ECF No. [21]; Pl.'s Answer to Court's Order (July 31, 2013) and/or Motion for Summ. J. to Dismiss, ECF No. [24] ("Pl.'s Opp'n to Wells Fargo & ASAP MTD"); Defs. Wells Fargo Bank, N.A.'s and Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP's Reply to Pl.'s "Answer to Court Order (July 31, 2013) and/or Mot. for Summ. J. to Dismiss", ECF No. [27] ("Wells Fargo Reply"); Defs. Wells Fargo Bank, N.A.'s and Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP's Obj. and Mot. to Strike Aff. of Terry Conant filed in Supp. of Pl.'s "Answer to Court Order (July 31, 2013) and/or Mot. for Summ. J. to Dismiss", ECF No. [28] ("Wells Fargo Mot. to Strike"); Pl.'s Answer to Defs. Wells Fargo Bank, N.A.'s and Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP's Obj. and Mot. to Strike Aff. of Terry Conant filed in Supp. of Pl.'s "Answer to Court Order (July 31, 2013) and/or Mot. for Summ. J. to Dismiss" and Pl.'s Mot. for Declaratory J. against Defs., ECF No. [29]; Defs. Wells Fargo Bank, N.A.'s and Angling, Flewelling, Rasmussen, Campbell & Trytten, LLP's Reply to Pl.'s Answer to Obj. and Mot. to Strike Aff. of Terry Conant, ECF No. [31]; Pl.'s Reply to Defs. Wells Fargo Bank, N.A.'s and AFRCT, LLP's Obj. and Mot. to Strike Aff. of Pl. filed in Supp. of Pl.'s "Answer to Court Order (July 31, 2013) and/or Mot. for Summ. J. to Dismiss" and Pl.'s Mot. for Declaratory J. against Defs., ECF No. [33]; Def. NDeX West, LLC's Mot. to Dismiss or in the Alternative, for Summ. J., ECF No. [35] ("NDeX MTD"); Pl.'s Reply to Def. NDeX West, LLC's Mot. to Dismiss or in the Alternative, for Summ. J., ECF No. [36] ("Pl.'s Opp'n to NDeX MTD"); Pl.'s Mot. for Order of Default J., Damages, & Enforcement of the Consent Decree Terms & Conditions, *Jointly and Severally Against* the Defs. Wells Fargo Bank, N.A., Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, ECF No. [39] ("Pl.'s Mot. for Order"); Opp'n to Pl.'s Mot. for Order of Default J., Damages, & Enforcement of the Consent Decree Terms & Conditions, *Jointly and Severally Against* the Defs. Wells Fargo Bank, N.A., Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, ECF No. [40].

has committed fraud, has violated the Fair Debt Collection Practices Act, and has committed intentional infliction of emotional distress. In making a determination as to Plaintiff's remaining claims, the Court will consider Plaintiff's [14] Motion to Portray and Assert the Certified Securitization Audit, with Memorandum of Law, as well as the exhibits attached to this filing. The Court also GRANTS Defendant LPS Agency Sales and Posting, Inc.'s [9] Motion to Dismiss Complaint and Incorporated Memorandum of Law. Defendant LPS Agency Sales and Posting, Inc. is DISMISSED WITH PREJUDICE because Plaintiff has failed to state claim upon which relief can be granted against this Defendant. The Court also GRANTS Defendant NDeX West, LLC's [35] Motion to Dismiss, or in the Alternative, for Summary Judgment. Defendant NDeX West is DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction. In addition, Defendants John Does 1-20 are DISMISSED WITHOUT PREJUDICE for failure to serve. The Court also DENIES Defendant Wells Fargo Bank, N.A.'s and Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP's [28] Objection and Motion to Strike Affidavit of Terry Conant Filed in Support of Plaintiff's "Answer to Court Order (July 31, 2013) and/or Motion for Summary Judgment to Dismiss." With respect to motions filed by Plaintiff, the Court DENIES Plaintiff's [15] Motion for Default Judgment, Damages and Enforcement of the Consent Decree Regarding Defendants Wells Fargo Bank, N.A. and Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP; Plaintiff's [16] Motion to Quash Defendants LPS Agency Sales and Posting, Inc.'s Motion to Dismiss Complaint and Incorporating Memorandum of Law; Plaintiff's [17] Motion to Quash Defendants Wells Fargo Bank, N.A. and Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP Motion to Dismiss Pursuant to Rule 12(b)(2), 12(b)(5) and 12(b)(6) or, in the Alternative, for Summary Judgment Pursuant to Rule 12(d); and Plaintiff's [39] Motion for Order of Default Judgment, Damages, and Enforcement of the Consent Decree Terms and

Conditions, *Jointly and Severally Against* the Defendants Wells Fargo Bank, N.A., Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP.

# I. BACKGROUND

## A. Factual Background

Before proceeding to the facts of this case, the Court must clarify several preliminary issues of dispute. Plaintiff initially filed a fifty-four page Complaint in this action on April 19, 2013, which generally challenged the propriety of the foreclosure action against him by Defendant Wells Fargo Bank, N.A. ("Wells Fargo") and its agents. *See generally* Compl. On May 30, 2013, Defendants Wells Fargo and Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP ("AFRCT") filed their [6] Motion to Dismiss Pursuant to Rule 12(b)(2), 12(b)(5) and 12(b)(6) or, in the Alternative, for Summary Judgment Pursuant to Rule 12(d). Rule 12(d) states that, "[i]f, on a motion under Rule 12(b) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Wells Fargo and AFRCT's motion also included a "Statement of Undisputed Material Facts in Support of Motion to Dismiss Pursuant to Rule 12(b)(2), 12(b)(5) and 12(b)(6) or, in the Alternative, for Summary Judgment Pursuant to Rule 12(d)" as well as documentary evidence in support of this statement of facts. *See* Wells Fargo MTD at 23-27. Because this motion sought, in the alternative, summary judgment as to Plaintiffs' claims, and included a statement of facts in support of this request, the Court provided Plaintiff with the following background in alerting him of the need to respond to this motion:

> The Court notes that Defendants' motion is brought in part as a motion for summary judgment under Federal Rule of Civil Procedure 56. Plaintiff is warned that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted by the district judge as being true unless [the opposing

> party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)). In other words, a party opposing a motion for summary judgment, such as Plaintiff, may not rebut the factual assertions set forth in the moving party's affidavits, sworn statements, or other materials simply by claiming that those factual assertions are false or incorrect. Instead, the party opposing summary judgment must either (a) show that the materials relied upon by the moving party do not establish the absence or presence of a genuine dispute, or (b) come forward with its own affidavits, sworn statements, or other competent materials contradicting the moving party's assertions. *See* Fed. R. Civ. P. 56(c)(1). In so doing, the party must point to specific parts of the record that support its argument; the Court need not consider materials not specifically identified. *See* Fed. R. Civ. P. 56(c)(3).

Order (May 31, 2013), ECF No. [8] at 2. In his responsive pleading, Plaintiff did not provide additional materials supporting his claims or specifically respond to Wells Fargo and AFRCT's statement of facts. *See* Pl.'s Opp'n to Wells Fargo MTD. Instead, Plaintiff submitted a generalized affidavit on his own behalf stating that he "affirm[ed] and assert[ed] [that] all statements, representation of facts and circumstances portrayed in the Original Complaint and all subsequent pleadings made by me in the above styled case are true and correct based on knowledge and belief." *Id.*, Ex. 1 (Affidavit of Terry Walter Conant).

Defendants Wells Fargo and AFRCT subsequently moved to strike the portion of Plaintiff's affidavit in which he stated that "all statements, representation of facts and circumstances portrayed in the Original Complaint and all subsequent pleadings made by me in the above styled case are true and correct based on knowledge and belief." *See* Wells Fargo Mot. to Strike at 1. The Court denies this motion to strike. In opposing Defendant Wells Fargo and AFRCT's motion for summary judgment, Plaintiff has apparently chosen to transform his Complaint into a verified complaint, and to rely on the materials previously submitted to the Court. Accordingly, although Plaintiff has not rebutted the factual statement contained in Wells Fargo's motion to dismiss, or in the alternative, for summary judgment, he has essentially

offered his complaint as an opposing statement of facts. To the extent the statements in this document and subsequent filings prior to the filing of Plaintiff's Opposition are supported by materials in the record that have been submitted by Plaintiff, the Court will consider them in assessing Defendants' motion for summary judgment.

In making this assessment, the Court must also clarify which of Plaintiff's prior pleadings are properly before the Court. On July 26, 2013, Plaintiff filed a [14] Motion to Portray and Assert the Certified Securitization Audit, with Memorandum of Law. In this filing, Plaintiff asserts that Wells Fargo is not the owner of his loan, but rather that the loan was securitized and sold on the secondary mortgage securities market. Pl.'s Mot. to Portray at 1-2. Much of this filing is incomprehensible, and consists of seemingly irrelevant boilerplate discussion of Florida law that is irrelevant to this case. *Id.*, Ex. 1 (Memorandum of Points and Authorities in Support of Plaintiff's Plaintiff's [sic] Motion to Portray and Assert the Certified Securitization Audit, with Memorandum of Law). However, this filing also includes as an exhibit a "Property Securitization Analysis Report" prepared by a company called Mortgage Compliance Investigators. *Id.*, Ex. 2 (Property Securitization Analysis Report). This document contains an affidavit from an individual named Damion Emholtz who states that he is a private investigator who has researched the ownership of Plaintiff's mortgage. *Id.*, Ex. 2 at 13, 15-17. In response to Plaintiff's filing, Defendants filed an opposition, arguing that Plaintiff's motion should be stricken as incomprehensible and irrelevant. Def.'s Opp'n to Pl.'s Mot. to Portray at 1-3. The Court disagrees. While much of Plaintiff's motion consists of unclear or irrelevant text, the portions of the motion cited above appear to relate to an issue seemingly in dispute in this case, the ownership of Plaintiff's mortgage. In addition, Defendants do not contest the validity of Plaintiff's exhibit, other than to reference their own competing factual allegations submitted in

their motion to dismiss, or in the alternative, for summary judgment. *Id.* at 3. Accordingly, Plaintiff's [14] Motion to Portray and Assert the Certified Securitization Audit, with Memorandum of Law and the attached exhibits will be considered by the Court in addressing Defendant's motion to dismiss, or in the alternative, for summary judgment. However, for reasons discussed *infra,* the Court requests additional briefing discussing the reliability and relevance of this document.

Having resolved these issues, the Court proceeds to the facts as set out by the parties. Where the parties are in dispute, these disagreements are noted. In August 2007, Plaintiff borrowed $820,000.000 from World Savings Bank. Compl., Ex. B (Deed of Trust). This loan was documented by an Adjustable Rate Note and secured by a deed of trust on property located at 2191 Lindenwood Drive, South Lake Tahoe, California. *Id.* In December 2007, World Savings Bank changed its name to Wachovia Mortgage, FSB. Wells Fargo MTD, Ex. B (World Savings Bank, FSB, Oakland, California, Notice of Amendment of Charter and Bylaws). In November 2009, Wachovia Mortgage, FSB changed *its* name to Wells Fargo Bank Southwest, N.A., and merged into Defendant Wells Fargo. *Id.*, Ex. D (Application to convert Wachovia Mortgage, FSB, North Las Vegas, Nevada to a national bank and application to merge the converted bank with and into Wells Fargo Bank). In 2011, Plaintiff defaulted on his payments and Defendant Wells Fargo initiated non-judicial foreclosure proceedings. *Id.*, Ex. F (Notice of Default and Election to Sell Under Deed of Trust). In August 2011, the foreclosure trustee, NDeX West, recorded a Notice of Default with the El Dorado County Recorder's Office. *Id.* Plaintiff sought to delay this foreclosure with two prior court actions. First, Plaintiff filed a bankruptcy proceeding in the United States Bankruptcy Court for the Northern District of California. *See Conant v. Wells Fargo Bank, N.A.*, No. 12-25594-A-13J (Bankr. N.D. Cal.);

Second, Plaintiff challenged Wells Fargo's right to foreclose in a civil action in California state court before the El Dorado County Superior Court. *See Conant v. Wells Fargo Bank, N.A.*, No. SC20120220 (Cal. Super. Ct.). In both of these actions, Defendant AFRCT was counsel of record for Defendant Wells Fargo. Wells Fargo MTD, Ex. N (Declaration of Robert Bailey)

The parties are in dispute as to whether Wells Fargo is the owner of Plaintiff's mortgage and has the ability to foreclose. In support of its position that it holds Plaintiff's mortgage, Wells Fargo has provided a March 2010 loan agreement between it and Plaintiff with respect to the property located at 2191 Lindenwood Drive, South Lake Tahoe, California. *Id.*, Ex. E. (Loan Modification Agreement). This agreement describes Wells Fargo as the "Lender" and Plaintiff as the "Borrower." *Id.* In response, Plaintiff argues that Wells Fargo is not the holder of Plaintiff's mortgage. In making this claim, Plaintiff argues that his mortgage has been securitized and sold on a secondary mortgage market. *See, e.g.,* Pl.'s Mot. to Portray at 1-2. As support for this position, Plaintiff relies primarily on the above-referenced "Property Securitization Analysis Report" prepared by a company called Mortgage Compliance Investigators. *Id.*, Ex. 2. This document contains a sworn affidavit from an individual named Damion Emholtz who states that he has researched Plaintiff's loan and determined that "the loan is an asset in the WORLD SAVINGS BANK REMIC 30. My research also shows that the loan was current in its status as a performing asset in this pool of mortgage-backed securities prior to going into foreclosure." *Id.*, Ex. 2 at 16. Perhaps because the Court had not yet addressed Plaintiff's [14] Motion to Portray and Assert the Certified Securitization Audit, with Memorandum of Law, Defendants do not address this filing, its contents, or its relevance to Plaintiff's claims. *See* Def.'s Opp'n to Pl.'s Mot. at 1-3 (arguing that this filing should be stricken).

**B. Procedural History**

Plaintiff filed suit in this Court on April 19, 2013 seeking declaratory and injunctive relief to stop the foreclosure action against him. Compl. at 47-49. Plaintiff also sought monetary damages in the event his complaint was opposed. *Id.* at 49-50. Plaintiff named as Defendants in this action Wells Fargo, AFRCT, NDeX West, Sheriff-Coroner John D. Agostini, in his official capacity of as Sheriff of Eldorado County, California, the Clerk of the Court of Eldorado County, California, and twenty John Doe Defendants ("John Does 1-20").[2] *Id.* at 1. One sentence in Plaintiff's Complaint also seeks damages against Agency Sales and Posting ("ASAP"). *Id.* at 50. However, Plaintiff fails to mention this potential additional Defendant in the case caption of his Complaint or discuss them anywhere else in the filing.

Read liberally, Plaintiff's Complaint appears to allege the following claims. First, Plaintiff alleges that the Defendants are in violation of the Consent Judgment entered into by Wells Fargo and several other banks in *United States v. Bank of America Corp., et al.*, No. 12-0361 (D.D.C. Apr. 4, 2012). Second, Plaintiff alleges more generally that Wells Fargo is not the owner of his mortgage and is therefore improperly foreclosing on his home. *Id.* at 11. Third, and relatedly, Plaintiff alleges that Wells Fargo's attempt at foreclosure in the absence of ownership of his mortgage constitutes fraud. *Id.* at 32. Fourth, Plaintiff alleges that this foreclosure process constitutes a deprivation of his due process rights. *Id.* at 37. Fifth, Plaintiff argues that in foreclosing on his home, Plaintiffs are in violation of the Fair Debt Collection Practices Act

---

[2] Plaintiff subsequently voluntarily dismissed Defendant Agostini and Defendant Clerk of the Court. *See* Order (Feb. 14, 2014), ECF No. [43].

("FDCPA"), 15 U.S.C. § 1692 *et seq.*[3] Sixth, Plaintiff alleges that the allegedly improper foreclosure process constitutes intentional infliction of emotional distress. Compl. at 37-38, 46.

Defendants Wells Fargo, AFRCT, ASAP and NDeX West subsequently filed motions to dismiss, or in the alternative, motions for summary judgment. *See* Wells Fargo MTD; ASAP MTD; NDeX MTD. Plaintiff has also filed several motions arguing that various Defendants are in default. *See* Pl.'s Mot. for Default J.; Pl.'s Mot. to Quash ASAP MTD; Pl.'s Mot. to Quash Wells Fargo MTD.

## II. LEGAL STANDARD

### A. Rule 12(b)(2)

When personal jurisdiction is challenged under Rule 12(b)(2), the plaintiff bears the burden of establishing a factual basis for asserting personal jurisdiction over a defendant. *See Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990). To establish that personal jurisdiction exists, the plaintiff cannot rest on bare allegations or conclusory statements but "must allege specific acts connecting [each] defendant with the forum." *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001) (internal quotation omitted). "To make such a showing, the plaintiff is not required to adduce evidence that meets the standards of admissibility reserved for summary judgment and trial[;]" but rather, the plaintiff may "rest [his] arguments on the pleadings, 'bolstered by such affidavits and other written materials as [he] can otherwise obtain.' " *Urban Inst. v. FINCON Servs.*, 681 F.Supp.2d 41, 44 (D.D.C. 2010) (quoting *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005)). In the case of a *pro se* plaintiff, although the Court is required to construe the pro se complaint liberally, *see*

---

[3] Plaintiff does not explicitly assert a cause of action for violation of the FDCPA. However, his Complaint does reference the statute and states that Defendants are in violation of its provisions in foreclosing on his home. Compl. at 28, 36.

*Howerton v. Ogletree*, 466 F.Supp.2d 182, 183 (D.D.C. 2006), " [p]ro se plaintiffs are not freed from the requirement to plead an adequate jurisdictional basis for their claims." *Gomez v. Aragon*, 705 F.Supp.2d 21, 23 (D.D.C. 2010) (citation omitted).

## B. Rule 12(b)(5)

A court ordinarily may not exercise personal jurisdiction over a party named as a defendant in the absence of service of process (or waiver of service by the defendant). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946) ("[S]ervice of summons is the procedure by which a court . . . asserts jurisdiction over the person of the party served.")). Pursuant to Federal Rule of Civil Procedure 12(b)(5), "if the plaintiff does not properly effect service on a defendant, then the defendant may move to dismiss the complaint" without prejudice. *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003); *see also Simpkins v. District of Columbia*, 108 F.3d 366, 369 (D.C. Cir. 1997). "[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of [Federal Rule of Civil Procedure 4] and any other applicable provision of law." *Light v. Wolf*, 816 F.2d 746, 750 (D.C. Cir. 1987) (internal quotation omitted).

## C. Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the grounds it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require that a complaint contain " 'a short

and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must construe the complaint in the light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F.Supp. 914, 915 (D.D.C.1994). Further, in deciding a Rule 12(b)(6) motion, a court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint," or "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F.Supp.2d 117, 119 (D.D.C. 2011) (citations omitted).

### D. Rule 56

Defendants Wells Fargo and AFRCT have filed motions seeking dismissal for failure to state a claim, or in the alternative, summary judgment. Pursuant to Fed. R. Civ. P. 12(d), "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not

excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see Yates v. District of Columbia*, 324 F.3d 724, 725 (D.C. Cir. 2003). Here, both parties have been provided the opportunity to submit materials outside of the pleadings in support of their positions. Accordingly, the Court will review Defendant's entire motion under the summary judgment standard, because "the [defendant's] motion[] [was] in the alternative for summary judgment and . . . the parties had the opportunity to submit and submitted materials in support and in opposition." *Americable Int'l, Inc. v. Dep't of Navy*, 129 F.3d 1271, 1273 n. 5 (D.C. Cir. 1997) (determining that it would not be "unfair" to treat such a motion as one for summary judgment).

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and [that he] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The mere existence of some factual dispute is insufficient on its own to bar summary judgment; the dispute must pertain to a "material" fact. *Id.* Accordingly, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Nor may summary judgment be avoided based on just any disagreement as to the relevant facts; the dispute must be "genuine," meaning that there must be sufficient admissible evidence for a reasonable trier of fact to find for the non-movant. *Id.*

In order to establish that a fact is or cannot be genuinely disputed, a party must (a) cite to specific parts of the record—including deposition testimony, documentary evidence, affidavits or declarations, or other competent evidence—in support of her position, or (b) demonstrate that the materials relied upon by the opposing party do not actually establish the absence or presence of a

genuine dispute. Fed. R. Civ. P. 56(c)(1). Conclusory assertions offered without any factual basis in the record cannot create a genuine dispute sufficient to survive summary judgment. *Ass'n of Flight Attendants-CWA, AFL-CIO v. U.S. Dep't of Transp.*, 564 F.3d 462, 465-66 (D.C. Cir. 2009). Moreover, where "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the district court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e).

When faced with a motion for summary judgment, the district court may not make credibility determinations or weigh the evidence; instead, the evidence must be analyzed in the light most favorable to the non-movant, with all justifiable inferences drawn in her favor. *Liberty Lobby*, 477 U.S. at 255. If material facts are genuinely in dispute, or undisputed facts are susceptible to divergent yet justifiable inferences, summary judgment is inappropriate. *Moore v. Hartman*, 571 F.3d 62, 66 (D.C. Cir. 2009). In the end, the district court's task is to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251-52. In this regard, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50 (internal citations omitted).

### III. DISCUSSION

#### A. Dismissal for Lack of Personal Jurisdiction

Defendants AFRCT and NDeX West have moved to dismiss Plaintiff's Complaint for, *inter alia*, lack of personal jurisdiction. Wells Fargo MTD at 5-6. NDeX West MTD at 3-4. The Court agrees that Plaintiff has failed to establish personal jurisdiction over these Defendants,

and accordingly Plaintiff's claims against these Defendants are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).[4]

In this Circuit, courts determine whether personal jurisdiction may be exercised "by reference to District of Columbia law." *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995). "A District of Columbia court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief." D.C. Code § 13-422. Exercise of this so-called "general jurisdiction" requires that the defendant's contacts within the forum be "continuous and systematic" in order for the defendant to be forced to defend a suit arising out of any subject matter unrelated to the defendant's activities within the forum. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). Alternatively, this Court may exercise "specific jurisdiction" to entertain controversies based on acts of a defendant that "touch and concern the forum." *Kopff v. Battaglia*, 425 F.Supp.2d 76, 81 (D.D.C. 2006) (citing *Steinberg v. Int'l Criminal Police Org.*, 672 F.2d 927, 928 (D.C. Cir. 1981)).

To determine whether it may exercise specific jurisdiction over a particular defendant, a court must engage in a two-part inquiry. First, the Court must determine that the District of Columbia's long arm statute, D.C. Code § 13-423, authorizes jurisdiction.[5] *See GTE New Media*

---

[4] Because the Court concludes that these Defendants should be dismissed for lack of personal jurisdiction, it does not address their remaining grounds for dismissal. *See* Wells Fargo MTD at 12, NDeX MTD at 4-9. However, the Court does note, *infra*, that Defendant AFRCT would also be dismissed for failure to serve.

[5] The D.C. long-arm statute provides that a District of Columbia court may exercise personal jurisdiction over a person as to a claim for relief arising from the person's: (1) transacting any business in the District of Columbia; (2) contracting to supply services in the District of Columbia; (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods

*Servs., Inc. v. Bell-South Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). *See also Edmond v. United States Postal Serv. Gen. Counsel*, 949 F.2d 415, 424 (D.C. Cir. 1991) (even when subject matter jurisdiction is predicated on federal question, plaintiffs must rely on the D.C. long-arm statute to assert personal jurisdiction over out-of-district defendants). Second, the court must find that exercise of jurisdiction comports with the requirements of constitutional due process. *See GTE New Media Servs.*, 199 F.3d at 1347. This determination turns on whether a defendant's "minimum contacts" with the District of Columbia establish that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citation and quotation marks omitted).

Such minimum contacts must arise from some act by which the defendant "purposefully avails" himself of the privilege of conducting activities within the District of Columbia, thus invoking the "benefits and protections of its laws." *Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cty.*, 480 U.S. 102, 109 (1987). Put differently, the court "must insure that the defendant's conduct and connection with the forum 'are such that he should reasonably anticipate being hauled into court there.'" *Marshall v. Labor & Indus., State of Washington*, 89 F.Supp.2d 4, 9 (D.D.C. 2000) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, (1980)).

Here, Plaintiff's Complaint fails entirely to demonstrate that this Court has personal jurisdiction over Defendants AFRCT and NDeX West. The Complaint alleges no facts suggesting that these Defendants transacted business, contracted to supply services, or caused

---

used or consumed, or services rendered, in the District of Columbia; (5) having an interest in, using, or possessing real property in the District of Columbia; (6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of the contracting, unless the parties otherwise provide in writing; or (7) marital or parent and child relationship in the District of Columbia (subject to certain enumerated conditions). D.C. Code § 13-423.

tortious injury in the District of Columbia. Indeed, the only mention of personal jurisdiction Plaintiff makes in the Complaint is the following:

> This court has jurisdiction over its own prior court orders and under the Long Arm Statute for Washington, DC, which gives the District Court jurisdiction over those who do business in the District of Columbia or enter into a contract for services in Washington, DC. WELLS FARGO BANK, NA entered into a contract in WASHINGTON, DC and did business in Washington, DC when they entered into the Consent Decree discussed above. WELLS FARGO BANK, NA has directed the actions and conduct of all other defendants either directly or by and through proxies to foreclose for WELLS FARGO BANK, NA.

Compl. at 2-3. As discussed, *infra*, Plaintiff has failed to state a claim against Defendants for violation of the Consent Judgment in *United States v. Bank of America Corp., et al.*, No. 12-0361 (D.D.C. Apr. 4, 2012), the "contract" entered into by Wells Fargo. Nevertheless, even ignoring this fact for the moment, Plaintiff has alleged no facts linking AFRCT and NDeX West to this "contract" or to activities within the District of Columbia. These Defendants do not reside within the District of Columbia, and their principal places of business are outside of the District. AFRCT is a California law firm with its only office in that state. Wells Fargo MTD, Ex. N. ¶ 2. AFRCT has no employees in the District of Columbia, generates no revenue from activities here, and does not advertise here. *Id.* Similarly, NDeX West is a limited liability company formed under Delaware law and based in Addison, Texas that provides foreclosure services in California and Nevada. NDeX West MTD, Ex. A (Decl. of Ric Juarez) ¶ 2. NDeX West has no office or employees in the District of Columbia. *Id.* Plaintiff makes no arguments in his filings to support a prima facie showing of personal jurisdiction over either of these Defendants. Indeed, Plaintiff's oppositions do not respond at all to these Defendants' arguments that this Court lacks personal jurisdiction to hear claims against them. Accordingly, because Plaintiff has failed to demonstrate that the Defendants AFRCT and NDeX West possess any "contacts" whatsoever with the District of Columbia – and certainly no contacts sufficient to satisfy the requirements of either

general or specific jurisdiction set forth above, this Court finds itself without personal jurisdiction over Plaintiff's claims against them.

## B. Dismissal for Failure to Serve

A court ordinarily may not exercise personal jurisdiction over a party named as a defendant in the absence of service of process (or waiver of service by the defendant). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946) ("[S]ervice of summons is the procedure by which a court . . . asserts jurisdiction over the person of the party served.")). Pursuant to Federal Rule of Civil Procedure 12(b)(5), "if the plaintiff does not properly effect service on a defendant, then the defendant may move to dismiss the complaint" without prejudice. *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003); *see also Simpkins v. District of Columbia*, 108 F.3d 366, 369 (D.C. Cir. 1997). "[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of [Federal Rule of Civil Procedure 4] and any other applicable provision of law." *Light v. Wolf*, 816 F.2d 746, 750 (D.C. Cir. 1987) (internal quotation omitted).

Pursuant to Rule 4(m), Plaintiffs were required to serve all Defendants with process within 120 days of the filing of a lawsuit. Fed. R. Civ. P. 4(m). The Complaint in this action was filed on April 19, 2013, meaning Plaintiffs should have served all Defendants by August 19, 2013. In its July 31, 2013 [19] Order, the Court advised Plaintiff of this deadline and informed him that "[i]n order to avoid the finality of a mandatory dismissal of this action . . . by no later

than August 19, 2013, Plaintiff must either cause proper process to be served on each Defendant in this action and proof of service to be filed with the Court, or file a status report with the Court explaining why service has not been made." Order (July 31, 2013), ECF No. [19] at 3-4. On August 16, 2013, Plaintiff filed a [22] Motion for a Continuance, seeking additional time to effect service on Defendants. In its August 23, 2013 [26] Order, the Court granted Plaintiff until October 18, 2013 to effect service, but again warned Plaintiff that "[i]n order to avoid the finality of a mandatory dismissal of this action . . . Plaintiff must either cause proper process to be served on each Defendant in this action and proof of service to be filed with the Court, or file a status report with the Court explaining why service has not been made." Order (Aug. 23, 2013), ECF No. [26] at 1. This deadline has passed, and several Defendants in this action remain unserved. Specifically, Plaintiff has not served Defendants AFRCT and John Does 1-20.[6] Accordingly, pursuant to Fed. R. Civ. P. 4(m) and this Court's August 23, 2013 [26] Order, John Does 1-20 are dismissed without prejudice for failure to serve. Plaintiff's failure to serve Defendant AFRCT provides an additional ground for its dismissal.

### C. Dismissal for Failure to State a Claim (Defendant ASAP)

Defendant ASAP asserts that Plaintiff has failed to state a cause of action against it, and the Court agrees. ASAP MTD at 1-2. As an initial matter, Plaintiff fails to list ASAP in the case caption. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). More importantly, the only mention of ASAP in the fifty-four page Complaint is the following language:

---

[6] Plaintiff initially attempted service on Defendant AFRCT by registered mail. However, for the reasons discussed in this Court [19] Order, this was a defective attempt at service not permitted under the Federal Rules of Civil Procedure or California's Code of Civil Procedure. Order (July 31, 2013), ECF No. [19] at 2-3. In this Order, the Court instructed Plaintiff to properly serve AFRCT. *Id.* at 3-4. Plaintiff has failed to accomplish this service within the generous timeframe provided by the Court.

> I, Terry Conant, the Plaintiff in this matter, demand punitive damages . . . FOR ENGAGING IN ACTS OF OPPRESSION, FRAUD, AND MALICE, from the defendant AGENCY SALES & POSTING the [sic] in the amount of $80,000.00, SILVER SPECIE sum certain payable in silver one ounce coins minted by the United States Treasury, if the suit is contested . . .

Compl. at 50. The remainder of the Complaint contains no mention of ASAP, much less any substantive allegations against this Defendant. Indeed, to the extent this brief mention of ASAP can be read to raise a claim of fraud, Plaintiff fails to meet the applicable heightened pleading requirements. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Accordingly, a complaint must "state the time, place, and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1278 (quoting *United States ex rel. Joseph v. Cannon*, 642 F.2d 1373, 1385 (D.C. Cir. 1981)). A plaintiff must also "identify individuals allegedly involved in the fraud." *United States ex rel. Williams v. Martin-Baker Aircraft Co., Ltd.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004). Here, Plaintiff fails to provide these allegations with respect to Defendant ASAP. Accordingly, Defendant ASAP is dismissed pursuant to Rule 12(b)(6).

### D. Plaintiff's Claims Against Wells Fargo

Based on the preceding discussion, the only remaining Defendant in this suit is Wells Fargo. Accordingly, the Court discusses the remainder of Plaintiff's claims specifically as they relate to Defendant Wells Fargo. While several of these claims are subject to dismissal, the Court requests additional briefing from Wells Fargo and Plaintiff as to several claims asserted by Plaintiff.

#### 1. Enforcement of Consent Judgment

Plaintiff's primary cause of action asserts that the Defendants, primarily Wells Fargo, are in violation of the Consent Judgment entered into by Wells Fargo and several other banks in *United States v. Bank of America Corp., et al.*, No. 12-0361 (D.D.C. Apr. 4, 2012), ECF No. 14 (Consent Judgment).  Wells Fargo has moved to dismiss this claim, arguing that because Plaintiff was not a party to this Consent Judgment, he is unable to enforce any obligation imposed upon the parties to the judgment.  The Court agrees, as by its terms, this Consent Judgment is not enforceable by individual third-party beneficiaries.  The Consent Judgment specifically states that enforcement actions may be brought by a "Party to this Consent Judgment or the Monitoring Committee."  *Id.*, Ex. E (Enforcement Terms) at E-15.  Plaintiff, as an individual mortgagee, is neither party to the Consent Judgment nor a member of the monitoring committee.  Other courts in this district considering identical claims from other individual homeowner plaintiffs have reached the same conclusion.  *See, e.g., McCain v. Bank of America*, No. 13-cv-1418, 2014 WL 334196, at *7 (D.D.C. Jan. 30, 2014) ("The plaintiff was not a party to this consent judgment, and therefore, is unable to enforce any obligation imposed upon the parties to the judgment."); *Glaviano v. J.P. Morgan Chase Bank, N.A.*, No. 13-cv-2049, 2013 WL 6823122, at *1 n. 1 (D.D.C. Dec. 27, 2013) ("Plaintiffs also erroneously claim that the foreclosure sale of their property is prohibited by the Consent Orders issued in *United States v. Bank of America* . . . . Plaintiffs were not parties in *United States v. Bank of America*, which dealt with mortgage servicing, origination, and certification in general and did not involve Plaintiffs' mortgage or any other particular mortgage."); *Ghaffari v. Wells Fargo Bank, N.A.*, No. 13-115, 2013 WL 6070364, at *4 (D.D.C. Nov. 19, 2013) ("claims by individual borrowers, such as Plaintiff, are excluded from the Consent Judgment"); s*ee also SEC v. Prudential Sec. Inc.*, 136 F.3d 153, 158 (D.C. Cir. 1998) ("this circuit has opted for a bright line rule . . . that third parties to government

consent decrees cannot enforce those decrees absent an explicit stipulation by the government to that effect.") (internal citation omitted). Accordingly, all of Plaintiff's claims against Wells Fargo relating to violation of the Consent Judgment in *United States v. Bank of America Corp., et al.*, No. 12-0361 (D.D.C. Apr. 4, 2012) are dismissed.

## 2. Due Process

Plaintiff next asserts that Wells Fargo (in addition to the other dismissed Defendants) violated his due process rights "in their continuing theft of [his] private property." Compl. at 38. Plaintiff asserts that by "claim[ing] to have a security interest in [his] private land and home and personal property and claim[ing] authority to hold a foreclosure sale" Defendants are "attempt[ing] to deprive [him] of [his] liberty and property without due process of law." *Id.* at 39. However, because Wells Fargo is not a state actor, Plaintiff's claim for violation of his due process rights fails. "In order to trigger the Due Process Clause of the Fourteenth Amendment, or a comparable federal action to invoke the Fifth Amendment, there must be a 'state action.'" *Simms v. District of Columbia*, 699 F.Supp.2d 217, 224 (D.D.C. 2010). The Due Process Clause "offers no shield" against "private conduct, however discriminatory or wrongful." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974) (internal quotation marks omitted). Here, Wells Fargo is not a government actor and its efforts to foreclose on Plaintiff's property, even if accomplished through interactions with the El Dorado County Clerk's office, do not constitute state action. *See United States v. Property Identified as Lot Numbered 718*, 983 F.Supp. 9, 11 (D.D.C. 1997) ("While [plaintiff] may face eviction if her lender forecloses on the residence, that 'seizure' by a strictly private actor does not trigger the due process clause."). In light of the lack of state action here, Plaintiff's claim that Wells Fargo violated his due process rights is dismissed.

### 3. Remaining Claims Against Wells Fargo

Reviewing Plaintiff's Complaint, the Court discerns four remaining claims against Defendant Wells Fargo. First, citing to various California statutes and provisions of the Uniform Commercial Code, Plaintiff asserts generally that Defendant Wells Fargo lacks standing to foreclose on his mortgage because it does not have possession of Plaintiff's mortgage. *See, e.g.*, Compl. at 11 ("The question of ownership of the note is a vital part of determining who has the right to foreclose and sell the property."). Second, Plaintiff claims that Wells Fargo has committed fraud by improperly foreclosing on his mortgage. *See id*. at 32 ("The overt act of fraud occurred when the Assignment of Mortgage was recorded and subsequently when the Defendants started the foreclosure action to sell and to subsequently evict the Plaintiff from his home. . . . These fraudulent acts were designed to mislead us into believing that WELLS FARGO BANK, N.A. has an enforceable interest in the note and mortgage, which they clearly do not."). Third, Plaintiff appears to allege a violation of the FDCPA. *Id*. at 28, 36. Finally, Plaintiff asserts that the allegedly improper foreclosure of his home constitutes intentional infliction of emotional distress. *Id.* at 37-38, 46. The Court requests additional briefing from the parties as to these claims. Accordingly, Defendant Wells Fargo's motion to dismiss, or in the alternative, for summary judgment is held in abeyance with respect to these claims.

The first three of the remaining claims against Wells Fargo all revolve around the same issue: whether, when, and how Wells Fargo took ownership of Plaintiff's mortgage. Plaintiff argues that to the extent Wells Fargo does not own his mortgage, Wells Fargo lacks standing to foreclose on his home. Similarly, Plaintiff premises his claim of fraud on Wells Fargo's allegedly illegitimate foreclosure. To the extent this foreclosure is within Wells Fargo's rights as owner of Plaintiff's mortgage, there would be no fraud, and this claim would be subject to

dismissal. Finally, to the extent Wells Fargo is Plaintiff's creditor, it "is not a debt collector and it not subject to the FDCPA unless it acquire[d] [the] debt in default solely for the purpose of facilitating collection of such debt." *McDevitt v. Wells Fargo Bank, N.A.*, 946 F.Supp.2d 160, 168 (D.D.C. 2013); *see also Dubois v. Washington Mut. Bank*, No. 09-cv-2176, 2010 WL 3463368, at *5 (D.D.C. Sept. 3, 2010) (finding creditor was not a "debt collector" where it acquired the mortgage when it was not in default). Accordingly, Plaintiff's FDCPA claim also depends on whether, when, and how Wells Fargo acquired Plaintiff's mortgage. If, as it claims, Wells Fargo acquired Plaintiff's mortgage as part of its 2009 merger with Wachovia at a time when Plaintiff was not in default, then this claim should also be dismissed.

Wells Fargo contends that there is no genuine issue of material fact as to its ownership of Plaintiff's mortgage, which it acquired in November 2009 through its merger with Wachovia Mortgage, FSB. In support of this position, Wells Fargo relies on the following facts. Plaintiff entered into a mortgage agreement with World Savings in August 2007. Compl., Ex. B. Subsequently, in December 2007, World Savings changed its name to Wachovia Mortgage, FSB. Wells Fargo MTD, Ex. B. In November 2009, this entity changed its name to Wells Fargo Bank Southwest and merged into Wells Fargo Bank, N.A. *Id.*, Ex. D. Accordingly, Wells Fargo states that it is neither a stranger to Plaintiff's mortgage, nor did it purchase the mortgage on the secondary market. Rather, Wells Fargo asserts that it acquired Plaintiff's loan as the successor in interest to Plaintiff's original lender through merger agreements. Wells Fargo has also provided the Court with a loan modification agreement entered into between Wells Fargo and Plaintiff in March 2010. *Id.*, Ex. E. The Court notes that this agreement is signed by Plaintiff and describes him as the "Borrower" and Wells Fargo Bank, N.A. as the "Lender."

In response, Plaintiff purports to offer evidence that his loan was sold by World Savings Bank and was not acquired by Wells Fargo as the successor in interest to World Savings. In particular, Plaintiff relies on a "Property Securitization Analysis Report" prepared by a company called Mortgage Compliance Investigators. Pl.'s Mot. to Portray, Ex. 2. This document contains a sworn affidavit from an individual named Damion Emholtz, who describes himself as a "licensed private investigator of the State of Texas." *Id*., Ex. 2 at 13. Mr. Emholtz states that he has researched Plaintiff's loan and determined that "the NOTE was sold, transferred and securitized into WORLD SAVINGS BANK REMIC 30." *Id.*, Ex. 2 at 11. This document would appear to contradict Wells Fargo's claim that Plaintiff's loan was not securitized and instead passed to Wells Fargo through various merger agreements. However, the Court is unclear as to the reliability of this document or the relevance of securitization to Plaintiff's claims and Wells Fargo's ability to foreclose.

Because the Court had not yet addressed Plaintiff's [14] Motion to Portray and Assert the Certified Securitization Audit, with Memorandum of Law at the time Wells Fargo filed its briefs in support of its motion to dismiss, or in the alternative, for summary judgment, it was not clear to Defendant Wells Fargo that the Court would consider the "Property Securitization Analysis Report" attached as an exhibit in assessing Plaintiff's claims. Having now granted this motion and made clear that this document will be considered in assessing Plaintiff's claims, the Court requests additional briefing from Wells Fargo. Wells Fargo should file a supplemental brief to its motion to dismiss, or in the alternative, for summary judgment addressing the reliability of this document as well as its relevance to whether, when, and how Wells Fargo acquired Plaintiff's mortgage and whether Wells Fargo has the ability to foreclose on this mortgage. Plaintiff shall

also be given an opportunity to respond to any filing made by Wells Fargo as to this issue. A schedule for this briefing is set out in the Order accompanying this Memorandum Opinion.

The Court also requests additional briefing from the parties as to Plaintiff's claim of intentional infliction of emotional distress ("IIED"). Although Plaintiff asserts no free-standing claim for IIED, he titles his Second Cause of Action "Violation of the Plaintiffs Rights to Due Process of law and Intentional infliction of emotional distress." Compl. at 37. While much of the ensuing discussion focuses on Plaintiff's Due Process claim, Plaintiff does allege that "Defendants intentionally inflicted emotional distress knowing that they and their client and co-conspirator does not have standing to foreclose on said property and knowing the loss of a persons home is one of the most traumatic things that anyone can experience." *Id.* at 37-38. Plaintiff later states that "Defendants have intentionally inflicted emotional distress, knowing that they do not have lawful claim to the subject property . . . ." *Id.* at 46. Reading Plaintiff's Complaint liberally, as it must given his *pro se* status, the Court finds that he has raised a claim for IIED.

Defendant Wells Fargo does not address this claim in its motion to dismiss, or in the alternative, for summary judgment. Yet, at the same time, this motion requests that Plaintiff's case be dismissed in its entirety. Wells Fargo MTD at 1. Accordingly, given the length and vagueness of Plaintiff's Complaint, it appears that Defendant Wells Fargo may not have been aware that Plaintiff was raising IIED as a free-standing claim. Accordingly, the Court requests that Defendant Wells Fargo use the opportunity provided to submit a supplemental brief to also address Plaintiff's claim of IIED. If Defendant Wells Fargo seeks to dismiss this claim, it should include such a discussion in this brief. Plaintiff shall be permitted to file a response. A schedule for this briefing is set out in the Order accompanying this Memorandum Opinion.

### E.  Plaintiff's Remaining Motions

Plaintiff has filed several additional motions in this case which the Court now resolves. First, Plaintiff has filed a set of motions arguing that Defendants are in default because they failed to file a responsive pleading within 21 days of service.  *See* Pl.'s Mot. for Default J.; Pl.'s Mot. to Quash ASAP MTD; Pl.'s Mot. to Quash Wells Fargo MTD.  In these motions, Plaintiff asserts that Defendants Wells Fargo, AFRCT, and ASAP are in default because they failed to timely respond to Plaintiff's service of the summons and complaint. *See* Pl.'s Mot. for Default J. at 1-3; Pl.'s Mot. to Quash ASAP MTD at 1-2; Pl.'s Mot. to Quash Wells Fargo MTD at 1-3. Plaintiff states that he served these Defendants on May 6, 2013 and argues that because Wells Fargo, AFRCT, and ASAP did not file their Motion to Dismiss until June 4, 2013, these Defendants failed to comply with Fed. R. Civ. P. 12(a), which requires a responsive pleading within 21 days of service.  *Id.*

The Court rejects these arguments for default because, as it noted in its July 31, 2013 [19] Order, Plaintiff's alleged service of these Defendants on May 6, 2013 was improper.  As stated in this Order, based on the purported proofs of service filed by Plaintiff with the Court, Plaintiff had improperly attempted to serve these Defendants by mail, rather than by any of the procedures permitted under the Federal Rules of Civil Procedure or California's Code of Civil Procedure.  *See* Order (July 31, 2013), ECF No. [19] at 2-3.  In this Order, the Court instructed Plaintiff to properly serve these Defendants, *id.* at 3-4, which Plaintiff subsequently accomplished as to Defendants Wells Fargo and ASAP.  *See* ECF No. [23] (Wells Fargo affidavit); ECF No. [34] (ASAP affidavit).  As discussed, *supra,* Plaintiff failed to serve Defendant AFRCT properly.  Accordingly, because they were not properly served on May 6,

2013, Defendants Wells Fargo, AFRCT, and ASAP are not in default for failing to file their responsive pleadings within 21 days and Plaintiff's motions are denied.

Plaintiff has also filed a [39] Motion for Order of Default Judgment, Damages and Enforcement of the Consent Decree Terms and Conditions, Jointly and Severally Against the Defendants Wells Fargo Bank, N.A., Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP. In this motion, Plaintiff appears to seek default judgment because Defendants Wells Fargo and AFRCT failed to file a sur-reply in response to Plaintiff's sur-reply in opposition to Defendants' Motion to Strike. Pl.'s Mot. for Order at 2-3. There is no basis for granting default judgment on the grounds that a party failed to file a sur-reply and accordingly, Plaintiff's motion is denied. *See* Fed. R. Civ. P. 55(a) (providing for entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend.").

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and HOLDS IN ABEYANCE IN PART Defendants Wells Fargo Bank, N.A.'s and Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP's [6] Motion to Dismiss Pursuant to Rule 12(b)(2), 12(b)(5) and 12(b)(6) or, in the Alternative, for Summary Judgment Pursuant to Rule 12(d). Specifically, Defendant Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP's is DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction and failure to serve. Plaintiff's claims against Defendant Wells Fargo for violation of the Consent Judgment in *United States v. Bank of America Corp., et al.*, No. 12-0361 (D.D.C. Apr. 4, 2012) and for violation of his due process rights are DISMISSED WITH PREJUDICE. The Court requests additional briefing from both parties as to Plaintiff's claims that Defendant Wells Fargo lacks standing to foreclose on his mortgage, has committed fraud, has violated the Fair Debt Collection Practices Act, and has committed intentional infliction of emotional distress. In addressing Plaintiff's remaining claims, the Court will

consider Plaintiff's [14] Motion to Portray and Assert the Certified Securitization Audit, with Memorandum of Law, as well as the exhibits attached to this filing. The Court GRANTS Defendant LPS Agency Sales and Posting, Inc.'s [9] Motion to Dismiss Complaint and Incorporated Memorandum of Law. Defendant LPS Agency Sales and Posting, Inc. is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted. The Court also GRANTS Defendant NDeX West, LLC's [35] Motion to Dismiss, or in the Alternative, for Summary Judgment. Defendant NDeX West is DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction. In addition, Defendants John Does 1-20 are DISMISSED WITHOUT PREJUDICE for failure to serve. The Court also DENIES Defendant Wells Fargo Bank, N.A.'s and Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP's [28] Objection and Motion to Strike Affidavit of Terry Conant Filed in Support of Plaintiff's "Answer to Court Order (July 31, 2013) and/or Motion for Summary Judgment to Dismiss." The Court DENIES Plaintiff's [15] Motion for Default Judgment, Damages and Enforcement of the Consent Decree Regarding Defendants Wells Fargo Bank, N.A. and Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP; Plaintiff's [16] Motion to Quash Defendants LPS Agency Sales and Posting, Inc.'s Motion to Dismiss Complaint and Incorporating Memorandum of Law; Plaintiff's [17] Motion to Quash Defendants Wells Fargo Bank, N.A. and Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP Motion to Dismiss Pursuant to Rule 12(b)(2), 12(b)(5) and 12(b)(6) or, in the Alternative, for Summary Judgment Pursuant to Rule 12(d); and Plaintiff's [39] Motion for Order of Default Judgment, Damages, and Enforcement of the Consent Decree Terms and Conditions, *Jointly and Severally Against* the Defendants Wells Fargo Bank, N.A., Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP. An appropriate Order accompanies this Memorandum Opinion.

Dated: February 14, 2014

      /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge